[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13947

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CHRISTOPHER SEALS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:09-cr-00077-CG-B-2

_____

Before ROSENBAUM, LUCK, and ABUDU, Circuit Judges.

PER CURIAM:

Christopher Seals appeals his sentence of 37 months' imprisonment imposed upon revocation of his supervised release. Seals argues that the district court abused its discretion by failing to consider the 18 U.S.C. § 3553(a) factors, failing to explain its sentence, and giving undue weight to the conduct underlying the revocation violations. After careful review, we affirm.

**I.**

In 2010, Seals was sentenced to a total of 180 months in prison for trafficking cocaine base and using a gun in furtherance of that crime. His sentence was reduced to 120 months in 2012. In June 2018, he was released from custody and began serving a five-year term of supervised release.

In 2022, Seals's probation officer filed three successive petitions to revoke his supervised release for committing new crimes, possessing and distributing controlled substances, and leaving the judicial district without permission. According to the petitions, Seals was arrested for and charged with burglary in January 2022. Then, in March 2022, after his release on bond, he was charged with a federal drug conspiracy offense, *see* 21 U.S.C. § 846, for delivering a backpack containing just over 100 grams of cocaine to a confidential informant. After a warrant issued for his arrest, Seals was observed driving into Alabama from Georgia, and he fled an attempted traffic stop. During the ensuing pursuit, which reached

speeds up to 110 miles per hour and involved the use of spike strips, Seals discarded a bag containing cocaine. Based on this conduct, which involved a Grade A violation, the probation officer calculated a guideline range of 30 to 37 months.

Before the final revocation hearing, Seals filed a notice waiving his right to a revocation hearing and admitting to the violations set forth in the probation officer's petitions. Accordingly, the district court revoked Seals's supervised release and proceeded directly to sentencing.

The parties offered their views on an appropriate revocation sentence. Seals asked for a term of years with no supervision to follow, noting that he would be on supervised release for the underlying § 846 drug offense. The government requested a sentence of 37 months, to run consecutively to the 60-month prison sentence the court imposed for the § 846 offense.

Having "read through the entire file," the district court found that a sentence at the high end of the guideline range was appropriate based on Seals's conduct while on supervision. The court said it had considered the "chapter seven provisions" and found them "appropriate in this matter." The court imposed a revocation prison sentence of 37 months, with no supervision to follow, to run consecutively to the 60-month drug sentence.

Seals objected to the consecutive nature of the sentence as "excessive," noting that the revocation "conduct is the same as [drug] charge and that the [drug] charge also considered in the PS[R] that Mr. Seals was on supervised release." Defense counsel

noted that, in his understanding, Seals's agreement with the government called for a total term in custody of no more than 60 months for the underlying conduct. The district court overruled the objection, stating, "[B]ased on his conduct, I find that it is not excessive and it is appropriate in this case, and so it will be run consecutively."

Soon after the hearing adjourned, the government notified the district court and defense counsel that it needed to change its sentencing recommendation to match Seals's position. It advised that it had agreed to recommend a total prison term of 60 months for the drug and revocation cases.

The district court maintained its sentence. The court stated that it would have imposed the same sentence "regardless" of the government's recommendation, because Seals's "conduct deserves the consecutive sentence on the revocation of his supervised release." Since Seals had left the courtroom, the court called him back in to inform him of what had happened, and to explain that it was imposing the same sentence despite the government's change in recommendation. After Seals personally addressed the court, the hearing concluded. This appeal followed.

## II.

In reviewing a sentence, we first ensure that the district court committed "no significant procedural error," such as "failing to consider the § 3553(a) factors" or "failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). Assuming the sentence is procedurally sound, we consider its

substantive reasonableness under the totality of the circumstances. *Id.* Seals bears "the burden of demonstrating that the sentence is unreasonable, considering the complete record, the § 3553(a) factors, and the substantial deference we give sentencing courts." *United States v. Osorto*, 995 F.3d 801, 822 (11th Cir. 2021).

District courts are authorized to "revoke a term of supervised release" and impose a prison sentence when a defendant violates a condition of supervised release. 18 U.S.C. § 3583(e)(3). A sentence imposed upon revocation must be "sufficient, but not greater than necessary," to comply with the sentencing goals of deterrence, protection of the public, and rehabilitation of the defendant. *See* 18 U.S.C. § 3583(c) (requiring district courts to "consider[] the factors set forth in [18 U.S.C. §] 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)"). The court must also consider the nature and circumstances of the violation, the history and characteristics of the defendant, and the sentencing guidelines, among other factors. *See id.*

Although the district court must consider the § 3553(a) factors, it's "not required to explicitly address each of the § 3553(a) factors or all of the mitigating evidence," so long as the record reflects its consideration of these factors. *United States v. Taylor*, 997 F.3d 1348, 1354 (11th Cir. 2021); *United States v. Cabezas-Montano*, 949 F.3d 567, 609 (11th Cir. 2020). The court's "explanation of a sentence may be brief and may derive substance from the context of the record, the defendant's history and characteristics, and the parties' arguments." *United States v. Hamilton*, 66 F.4th 1267, 1275

(11th Cir. 2023).  The court must "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority."  *Rita v. United States*, 551 U.S. 338, 356 (2007).

"The decision about how much weight to assign a particular sentencing factor is committed to the sound discretion of the district court." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015) (quotation marks omitted).  Nevertheless, the district court abuses it discretion when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors."  *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*).

Chapter Seven of the Sentencing Guidelines contains policy statements for sentencing upon revocation of supervised release. Among other things, Chapter Seven provides rules for calculating the advisory guideline range and recommends that all revocation sentences run consecutively.  *See* U.S.S.G. §§ 7B1.3(f), 7B1.4.  In particular, according to § 7B1.3(f), revocation sentences "shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving," even if the sentence being served "resulted from the conduct that is the basis of the revocation of probation or supervised release."  U.S.S.G. § 7B1.3(f).  Revocation sentences are intended to sanction "the defendant's breach of trust," not to punish the underlying conduct.  *See* U.S.S.G. Ch. 7, Pt. A, intro. cmt. 3(b).

Here, Seals has not established any significant procedural error at his sentencing.  The district court stated that a sentence at the high end of the guideline range, running consecutively to the related drug sentence, was appropriate based on Seals's conduct while on supervision.  That undisputed conduct included multiple felonies, dangerous conduct, and other violations of the conditions of his release.  The court also cited the "chapter seven provisions," stating that they were "appropriate in this matter."  In other words, the court found that a sentence within the range and of the type recommended by the guidelines was appropriate based on Seals's repeated, serious breaches of the court's trust while on supervision.  While the court did not go into further detail during the brief hearing or address mitigating evidence, its explanation was adequate to show that it considered the § 3553(a) factors and the parties' arguments and had a reasoned basis for its decision.  *See Rita*, 551 U.S. at 356–58.

Seals also has not shown that the district court imposed a substantively unreasonable sentence.  As we just noted, the court's sentence fell within the guideline range of 30 to 37 months, and "we ordinarily expect a sentence within [that] range to be reasonable."  *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) (cleaned up).  While Seals objects to the consecutive nature of the revocation sentence, the guidelines recommended that, too.  *See* U.S.S.G. § 7B1.3(f).  And given Seals's serious breach of the court's trust, based on undisputed facts about his conduct while under supervision, the record amply supports the court's decision to follow the ordinary rule and impose a consecutive sentence.  Giving due

deference to the court's weighing of the § 3553(a) factors, we cannot say its choice of sentence was unreasonable under the totality of the circumstances.  *See Osorto*, 995 F.3d at 822.

For these reasons, we affirm Seals's sentence.

**AFFIRMED**.